IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NECO BONHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-3668-D |
| | § | |
| PARKER WINN, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this § 1983 action, plaintiff Neco Bonham ("Bonham") sues four police officers—Parker Winn ("Officer Winn"), Michael Cross ("Officer Cross"), Jeremy Sulla ("Officer Sulla"), and Zachary Kulwicki ("Officer Kulwicki")—and the City of Richardson, Texas, alleging that his Fourth and Fourteenth Amendment rights were violated during a traffic stop and while he was in jail. The four officers have asserted the affirmative defense of qualified immunity. Each now moves to compel Bonham to file a Fed. R. Civ. P. 7(a) reply and, at this stage of the case, to stay discovery, i.e., limit discovery to the issue of qualified immunity. Bonham opposes their motions. For the reasons that follow, the court grants the motions filed by Officers Winn, Cross, and Sulla. The court denies Officer Kulwicki's motion to compel a Rule 7(a) reply, but, because the court is limiting discovery to the issue of qualified immunity, grants Officer Kulwicki's motion to stay discovery.

I

Bonham alleges that Officers Winn and Cross violated his constitutional rights by using excessive force during a traffic stop on December 17, 2018.  Officer Winn initially ordered Bonham to pull his vehicle over, and Officer Cross later arrived as backup. According to Bonham, Officers Winn and Cross fabricated the basis to stop his car, escalated without right or authority, fabricated that Bonham was resisting arrest and that he hit Officer Winn, and used excessive force to pull him from his vehicle, fire a stun gun at him, hit and body slam him, and arrest him.

Bonham also alleges that Officers Kulwicki and Sulla violated his constitutional rights by using excessive force while he was in the City of Richardson jail.  According to Bonham, while he was detained in the Richardson jail on or about December 20, 2018, Officers Kulwicki and Sulla retaliated against him because he called them names.  Officer Kulwicki allegedly punched Bonham in the back of the head while his back was turned, grabbed him downward, put him in a headlock, and struck him in the head repeatedly.  Officer Sulla allegedly grabbed Bonham's feet and, with Officer Kulwicki, carried him to the isolation tank.

The officers move to compel Bonham to file a Rule 7(a) reply that specifies why they are not entitled to qualified immunity for their alleged actions.  Bonham opposes the motions, contending that his complaint sufficiently sets forth details demonstrating each officer's use of excessive force.

II

When a public official pleads the affirmative defense of qualified immunity, the case against the official should not proceed unless the plaintiff pleads specific facts that, if true, would defeat the qualified immunity defense. *Schultea v. Wood*, 47 F.3d 1527, 1433-34 (5th Cir. 1995) (en banc). The *en banc* Fifth Circuit in *Schultea* adopted the use of the Rule 7(a) reply instead of the former heightened pleading requirement espoused in *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). *See Schultea*, 47 F.3d at 1433.

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Id*. Here, Bonham must allege facts with sufficient precision and specificity to "raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 640-41 (N.D. Tex. 2007) (Lynn, J.). "Vindicating the immunity doctrine will ordinarily require [a Rule 7(a) reply], and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434.

III

The court concludes that greater detail might assist in determining whether Officers Winn, Cross, and Sulla are entitled to qualified immunity.

First, although the complaint contains pages of allegations as to Officer Winn, some allegations describe collective action not assigned to any particular officer. For example, Bonham alleges that Officers Winn and Cross both handcuffed him with excessive force and placed him under arrest. Compl. ¶ 60.

As to Officer Sulla, Bonham asserts generally that Officer Sulla used excessive force against Bonham in the Richardson jail. But the only specific facts alleged as to Officer Sulla are that he "grabbed [Bonham's] feet" and helped Officer Kulwicki carry him to the isolation tank. Compl. ¶ 108. Bonham has not pleaded specific facts demonstrating a genuine issue as to the illegality of Officer Sulla's activity.

IV

The court holds that Bonham has alleged sufficient detail as to the actions of Officer Kulwicki. The complaint alleges that Officer Kulwicki punched Bonham while his back was turned, grabbed him downward, placed him in a head lock, and struck him in the head repeatedly. *Id.* Officer Kulwicki has failed to identify any specific pleading deficiency as to qualified immunity; instead, he argues that the allegations do not amount to excessive force. As such, the court denies Officer Kulwicki's motion to compel a Rule 7(a) reply.

V

The officers also ask that the court stay discovery, i.e., limit discovery at this pleading stage to the defense of qualified immunity. "The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity." *Schultea*, 47 F.3d at 1434. Accordingly, until the issue of qualified immunity

- 4 -

at this pleading stage is resolved, the court stays discovery except as it bears upon the defense of qualified immunity.

* * *

For the reasons stated, the court grants the motions to compel a Rule 7(a) reply filed by Officers Cross, Winn, and Sulla, and denies Officer Kulwicki's motion to compel a Rule 7(a) reply. The court grants the individual defendants' motions to stay discovery and limits discovery to matters pertaining to the defense of qualified immunity until the issue of qualified immunity at this pleading stage is resolved. Bonham must file a Rule 7(a) reply as to Officers Cross, Winn, and Sulla within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 8, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 5 -